UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FREDERICK G. STAUP,

    Plaintiff ,

vs.                                              CASE NO. 8:05-CV-1504-T-17-MSS

JANICE VINOKUROW, etc., et al.,

    Defendants.
_____/

**ORDER OF DISMISSAL**

      This cause is before the Court on: Order to Show Cause (Docket No. 5) and Response to Order to Show Cause (Docket No. 6). The Court has examined Plaintiff's Response to the Court's Order to Show Cause. The Court recognizes that Plaintiff disputes many of the facts on which final judgments have been entered in the Sarasota County Circuit Court. The Court also notes that Plaintiff requests that the undersigned recuse herself from this case.

I. Recusal

      Plaintiff contends that the undersigned has formed an opinion about this case before hearing the evidence, which will deny plaintiff a fair trial and prejudice this case. Plaintiff seeks the recusal of the undersigned under 28 U.S.C. Sec. 455 (a) . A judge should disqualify himself for lack of impartiality if an objective, disinterested lay observer fully informed of the facts on which recusal is sought would entertain significant doubt about the judge's impartiality. Bias sufficient to warrant recusal normally must stem from extrajudicial sources and be focused against a party to the proceeding. *See* <u>Harnm v. Board of Regents</u>, 708 F.2d 647, 651 (llth Cir. 1983). A judge's rulings in a case ordinarily may not serve as a basis for recusal, except where

CASE NO. 8:05-CIV-1504-T-17-MSS

the movant demonstrates pervasive bias and prejudice.

In this case, the Court read the documents filed by Plaintiff, and realized this case was part of a larger pattern.  Plaintiff has filed seven cases in the Middle District of Florida, and many more cases based on the same operative facts in the Circuit Court of Sarasota County. In fact, Plaintiff filed so many cases in Sarasota County Circuit Court, that the state court found it necessary to enter an injunction restricting Plaintiff's access to that court for abuse of the legal process.  The Court's Order to Show Cause in this case is an attempt to gather further information, and does not warrant recusal. The Court reminds Plaintiff that any decision of this Court is reviewable by the Eleventh Circuit Court of Appeals.  After due consideration, the Court denies the request for recusal.

II. State Court Injunction

In the Court's Order to Show Cause, the Court reminded Plaintiff the Middle District of Florida cannot review adverse decisions of the Florida state court. Plaintiff's response to the Court's Order to show cause vividly demonstrates that Plaintiff continues to dispute the factual findings of final state court judgments, and seeks a way to "defend his inheritance, blockaded by the defendants." (Docket No. 6, page 3).  The Court notes that other cases in the Middle District of Florida based on the operative facts of the current Complaint have been dismissed for lack of subject matter jurisdiction under the Rooker-Feldman doctrine (Case No. 8:01-CV-1648-T-23, Docket No. 4) . To the extent that Plaintiff seeks to state federal causes of action based on operative facts that have been adjudicated adversely to Plaintiff in the Sarasota County Circuit Court, the Court must dismiss those Counts under the Rooker-Feldman doctrine. The Court also dismisses the Counts based on Florida law on the same basis. Since the Court is dismissing this case for lack of subject matter jurisdiction, it is not necessary to enter an injunction applying to cases filed in the Middle District of Florida. Accordingly, it is

**ORDERED** that this case is **dismissed** for lack of subject matter jurisdiction and the Clerk of Court is directed to close this case and terminate any pending motions.

CASE NO. 8:05-CIV-1504-T-17-MSS

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 13th day of December, 2005.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:  All Parties and Counsel of Record